## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

| | |
|---|---|
| CONCHITA C. SIMMONS, | Case No: 4:22-CV-00281 |
| Plaintiff, | |
| | **NOTICE OF REMOVAL** |
| v. | **OF DEFENDANT** |
| TRULIEVE, INC., | |
| Defendant. | |

Defendant Trulieve, Inc., ("Trulieve") hereby removes the above-captioned case from the Florida Circuit Court of the Second Judicial Circuit in and for Leon County to the United States District Court for the Northern District of Florida, Tallahassee Division. Removal is proper upon the following grounds:

### BACKGROUND & PROCEDURAL REQUIREMENTS

1.      On June 28, 2022, Plaintiff Conchita Simmons ("Plaintiff") filed this civil action in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida. Plaintiff served a Summons and Complaint on Trulieve on or about June 30, 2022. Accordingly, removal is proper. *See* 28 U.S.C. § 1446(b).

2.      A copy of each paper filed or served in the state court action is attached as **Exhibit A**. *See* 28 U.S.C. § 1446(a) and N.D. Fla Loc. R. 7.2(A) These documents are the only papers filed or served in the state court action.

3.     Counsel who appeared in the state court action:

Marie Mattox                          Melanie Leitman
Marie Mattox, P.A.                    Stearns Weaver Miller, P.A.
203 North Gadsden Street              106 East College Ave.
Tallahassee, FL 32301                 Suite 700
850-383-4800                          Tallahassee, FL 32301
                                      850-329-4846

4.     The Complaint asserts two counts against Trulieve: Race Discrimination under chapter 760, Florida Statutes, and Violation of the Family and Medical Leave Act under 29 U.S.C. §§ 2612, 2615.

5.     This Court is the United States District Court for the district and division in which the state court action is pending. Venue for this removal is proper. *See* 28 U.S.C. §§ 1441(a), (c), and 1446(a).

6.     Trulieve filed its original Notice of Removal within 30 days after being served with process in the state court action on June 30, 2022. Trulieve's removal was therefore timely. *See* 28 U.S.C. § 1446(b).

7.     Trulieve is serving this Notice of Removal on Plaintiff's counsel and Trulieve filed a Notice of Filing Notice of Removal with the clerk of the Circuit Court of the Second Judicial Circuit in and for Leon County, with a copy of this Notice of Removal appended thereto. *See* 28 U.S.C. § 1446(d).

## **JURISDICTION**

8.     A defendant has the right to remove a state court action to a federal district court that has original jurisdiction over the action.  *See* 28 U.S.C. § 1441.

2

9.     Here, Plaintiff asserts one cause of action under federal law. Specifically, Plaintiff alleges violations of the Family and Medical Leave Act, specifically the non-interference portion found in 29 U.S.C. §2615(1). The Court has original jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

## NON-WAIVER OF DEFENSES

10.     By this Notice of Removal, Trulieve does not waive any defenses that may be available, including, without limitation, Plaintiff's failure to state a claim or any other defense.

11.     By this Notice of Removal, Trulieve does not admit any of the allegations in Plaintiff's Complaint.

## CONCLUSION

12.     For the foregoing reasons, removal is proper and this Court has original jurisdiction over this case.

WHEREFORE, this action is removed from the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, to the United States District Court for the Northern District of Florida, Tallahassee Division.

Dated:  July <u>25th</u>, 2022                    STEARNS WEAVER MILLER

By   <u>*s/Melanie Leitman*</u>
Melanie R. Leitman (#091523)
mleitman@stearnsweaver.com
lrussell@stearnsweaver.com
Stearns Weaver Miller Weissler
Alhadeff & Sitterson, P.A.
Highpoint Center
106 East College Avenue
Suite 700
Tallahassee, Florida 32301
Telephone: (850) 329-4846
Facsimile: (850) 329-4861

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this <u>25th</u> day of July, 2022, a true and accurate copy of the foregoing has been electronically served through the Court's CM/ECF system to all parties of record.

<u>*/s/ Melanie Leitman*</u>
Melanie Leitman

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SECOND</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u>  COUNTY, FLORIDA

<u>CONCHITA C SIMMONS</u>
Plaintiff

Case # <u>  2022 CA 000622  </u>

Judge <u>                    </u>

vs.

<u>TRULIEVE INC</u>
Defendant

---

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☒ over $100,000.00

### III.   TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**EXHIBIT
A**

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☒ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

    **IV.**     **REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☒ Nonmonetary declaratory or injunctive relief;
    ☒ Punitive

    **V.**     **NUMBER OF CAUSES OF ACTION:** [   ]
    (Specify)

    <u>1</u>

    **VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
        ☐ yes
        ☒ no

    **VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
        ☒ no
        ☐ yes If "yes," list all related cases by name, case number, and court.

    **VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
        ☒ yes
        ☐ no

    **IX.**     **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
        ☐ yes
        ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Marie A Mattox</u>        Fla. Bar # <u>739685</u>
        Attorney or party                  (Bar # if attorney)

<u>Marie A Mattox     </u>          <u>04/18/2022</u>
  (type or print name)               Date

**IN THE CIRCUIT COURT OF THE**
**SECOND JUDICIAL CIRCUIT, IN AND**
**FOR LEON COUNTY, FLORIDA**

**CONCHITA C. SIMMONS**

**CASE NO.: 22-CA-**     2022 CA 000622
     **Plaintiff,**           **FLA BAR NO.: 0739685**

**v.**

**TRULIEVE, INC.,**               **SUMMONS**

     **Defendant.**

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

     **TRULIEVE, INC.**
     **C/O CORPORATION SERVICE COMPANY – REGISTERED AGENT**
     **1201 HAYS STREET**
     **TALLAHASSEE, FL 32301-2525**

     Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

     DATED on _____, 2022.



                 CLERK OF THE CIRCUIT COURT

                 By: _Cynth Michel_     04/20/2022
                 Deputy Clerk

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**CONCHITA C. SIMMONS**

    **Plaintiff,**

**CASE NO.: 22-CA-**    2022 CA 000622
**FLA BAR NO.: 0739685**

v.

**TRULIEVE, INC.,**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, CONCHITA C. SIMMONS, hereby sues Defendant, TRULIEVE, INC., and alleges:

## NATURE OF THE ACTION

1.     This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes, 42 U.S.C. §12101 et seq., and under the Family and Medical Leave Act (FMLA) of 1993, codified at 29 U.S.C. §§2612, 2615.

2.     This action involves claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest.

## THE PARTIES

3.     At all times pertinent hereto, Plaintiff, CONCHITA C. SIMMONS, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to her actual or perceived disability and/or record of impairment.

4.     At all times pertinent hereto, Defendant, TRULIEVE, INC., has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has

been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.      Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.  This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6.      Plaintiff had an actual or perceived disability and/or record of impairment. She began her employment with Defendant on or about October 2, 2018, and held the position of Processor at the time of her wrongful termination on or about June 6, 2020.

7.      Despite her stellar work performance during her employment with Defendant, Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and held to a different standard for taking protected leave under the FMLA and because of her actual or perceived disability and/or record of impairment.

8.      The disparate treatment and retaliation came at the hands of specifically but not limited to Supervisor Shané Octave and her Supervisor Shirley Johnson.

9.      On or about March 13, 2020, Plaintiff had a serious off-the-job car accident while driving home from work. Plaintiff suffered from a stroke while driving and crashed against a mailbox. As a result of the accident Plaintiff damaged her car, fractured her back, and was transported via ambulance to Capital Regional Medical Center.

10.     Prior to her stroke and subsequent accident, Plaintiff would often work overtime and clock in early for work. She would also volunteer herself to work on days she had off.

During her employment with Defendant, Plaintiff never had a write up or was subject to any disciplinary action.

11.    On or around March 20, 2020, about a week after being admitted to the hospital, Plaintiff was released, and she applied for FMLA. Defendant then approved Plaintiff's request for leave under the Family and Medical Leave Act ("FMLA").

12.    A couple of days after completing her application for FMLA leave, Plaintiff's FMLA leave was granted. Within a week of FMLA leave being granted, Plaintiff notified Defendant that she was given FMLA leave making Defendant undoubtedly aware of Plaintiff's disability or perceived disability.

13.    During the period after the accident, while Plaintiff was trying to obtain the necessary information to apply for both long- and short-term disability benefits under Reliance Insurance, she was communicating through text message with Octave, who would consistently ignore her.

14.    It was only until her coworker, Katie McLane, intervened at work on Plaintiff's behalf that she was able to obtain the information she needed to finish her application for disability benefits with Reliance Insurance.

15.    Plaintiff was unaware of having been terminated by Defendant until June 6, 2020, where Plaintiff learned that her medical insurance was no longer valid during Doctor's visit. She then went home logged in to her work app, papercheck, through her phone to check what was going on, and saw that the app now listed her as terminated since March 13, 2020, the alleged reason being Job Abandonment.

16.     Shortly after she learned she was fired on June 6, 2020, Plaintiff called Octave to figure out what was happening and why she had been listed as terminated.  During the phone call,

Octave stated to Plaintiff, "I think you've been terminated." Previous to this, Octave had never mentioned anything about termination to Plaintiff. Octave's doubtful remarks also evidence how Plaintiff's termination occurred on or about June 6, 2020.

17.     According to Defendants records, Plaintiff was terminated on or about March 13, 2020. However, that date of termination is neither accurate nor truthful, as Plaintiff never received any sort of notification that day or in the subsequent weeks. Defendant also behaved in a way which is contrary to how Defendant would have if Plaintiff had been terminated on that date.

18.     Throughout the period between March 13, 2020, to June 6, 2020, Defendant made it seem like Plaintiff was still employed, never mentioning to her anything about her supposed termination and allowing her to apply for both FMLA and disability benefits through the insurance Defendant offered.

19.     On or about March 14, 2020, While Plaintiff was hospitalized, she received a visit from one of her supervisors, Johnson, who did not mention anything about terminating Plaintiff. This is because Plaintiff had not been terminated.

20.     While hospitalized, Plaintiff was also visited by her coworker Dorothy Gunn who did not mention anything about her being terminated.

21.     During her FMLA leave, Defendant was acting like Plaintiff was still employed, never mentioning to her anything about her supposed termination and allowing her to apply for both FMLA and disability benefits under Reliance Insurance because Plaintiff had indeed not been terminated.

22.     If Plaintiff would have been fired on or about March 13, 2020, Defendant would not have helped her obtain her disability benefits through Reliance, as the policy would have ended on March 13, 2020.

23.     Further, on or about March 30, 2020, Plaintiff received a letter from Defendant, written by Tracy Lee, which stated that he would be assisting Plaintiff "during your leave of absence for your own health condition under the Trulieve, Inc.'s Short Term Disability Policy, Family and Medical Leave Act (FMLA) and applicable state laws starting on 03/14/2020."

24.     On or about June 6, 2020, Defendant fired Plaintiff while she was still on protected leave under the FMLA. Since Plaintiff was under FMLA leave, which Defendant was aware of, Defendant's adverse action of terminating Plaintiff interfered with Plaintiff's FMLA Leave.

25.     By terminating Plaintiff during her FMLA leave, Defendant denied or prevented Plaintiff from exercising her rights guaranteed under the FMLA.

26.     Defendant knew or showed reckless disregard as to whether its conduct was prohibited by the Family & Medical Leave Act, as Defendant contrived a method to make it seem like it terminated Plaintiff before she was protected by FMLA, instead of the actual date of termination June 6, 2020.

27.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## DISABILITY DISCRIMINATION

28.     Paragraphs 1 through 27 are realleged and incorporated herein by reference.

29.     This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes.

30.     Plaintiff has been the victim of discrimination on the basis of her disability or perceived disability. During the course of Plaintiff's employment with Defendant, she was treated differently than similarly situated nondisabled/perceived-as-disabled employees.

5

31.     Defendant is liable for the differential treatment and its refusal to accommodate Plaintiff, as well as its failure to engage in the interactive process with Plaintiff, which adversely affected the terms and conditions of Plaintiff's employment with Defendant.  Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

32.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

33.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff's termination.

34.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability or her record of having an impairment under the laws enumerated herein.

35.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief and to punitive damages.

## COUNT II
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT THROUGH INTERFERECE

36.     Paragraphs 1 through 27 are re-alleged and are incorporated herein by reference.

37.     This is an action against Defendant for retaliating against Plaintiff due to her use of protected leave time as set forth more fully above. This is thus both an interference and retaliation claim.

38.     After taking leave for serious health conditions, Defendant harassed Plaintiff and took adverse personnel actions against Plaintiff for using leave.

39.     Plaintiff was denied rights and benefits conferred by the FMLA and she was terminated after taking protected leave.

40.     Defendant's violations of the FMLA were willful.

41.     As a direct and proximate result of Defendants willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of employment, as well as the security and peace of mind it provided.  Plaintiff has incurred damages for lost wages, and other damages attendant with the loss of his job.  These damages have occurred in the past, are occurring at present and will continue in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

7

(c)     enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 18th day of April 2022.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

8

IN THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**CONCHITA C SIMMONS**

     Plaintiff

vs                                               CASE NO.: 2022 CA 000622

 **TRULIEVE INC**

     Defendant

_____/

<u>**UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT**</u>

In compliance with Florida Supreme Court directives on active, differential civil case management established in Supreme Court Administrative Order AOSC20-23, Amendment 12, and Second Judicial Circuit Administrative Order 21 - 04, all parties in the above-styled cause are bound by this Case Management Order.

**Plaintiff shall serve this order on all parties with service of the original complaint. Strict enforcement is required unless good cause is shown for an exception or as otherwise required by law.**

**I. PROJECTED TRIAL DATE**

All COUNTY COURT Civil cases are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint does not demand trial by jury are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint demands trial by jury are GENERAL CASES with a projected trial date of 540 days from the date of filing of the complaint.

A change in the above designations may be made by the presiding judge on the judge's own initiative or upon motion of any party. Should any party assert that a civil case should be treated other than designated above, such party shall file a written motion requesting such change and the motion shall be expeditiously resolved by the

presiding Judge.

## II. Notice that Cause is at Issue and Firm Trial Date

The parties must file a Joint Notice that the Cause is at Issue no later than 15 days after the pleadings are closed. In the event of a dispute, either party may file a motion and request a hearing to determine if the cause is at issue.

Upon joint notice or judicial determination that the cause is at issue, the Court will schedule a Firm Trial Date consistent with the Projected Trial Date above unless either party requests a different date in their Notice that the Cause is at Issue. Should either party request a Firm Trial Date different than the Projected Trial Date, the Plaintiff shall expeditiously set a case management conference to determine the Firm Trial Date.

## III. Mandatory Deadlines for Streamlined Cases

If this case is designated as a STREAMLINED CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

> 120 days after filing: Service of Complaints
> 150 days after filing: Service under any Extension of Time
> 180 days after filing: Adding New Parties
> 210 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
> 270 days after filing: Completion of Fact and Expert Discovery
> 270 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## IV. Mandatory Deadlines for General Cases

If this case is designated as a GENERAL CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

> 120 days after filing: Service of Complaints
> 180 days after filing: Service under any Extension of Time
> 210 days after filing: Adding New Parties
> 270 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
> 400 days after filing: Completion of Fact and Expert Discovery
> 450 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## V. Mediation

All parties must mediate unless excused by court order for good cause shown or as otherwise required by law and in compliance with Rules of Civil Procedure 1.700 - 1.730.

## VI. Noncompliance

**By Order of the Florida Supreme Court, strict, good faith compliance with this Uniform Order for Active, Differential Civil Case Management is required unless good cause is shown for an exception or as otherwise required by law. These procedures and time standards do not supplant any existing rule, statute, or law.**

**Failure to appear at the pretrial conference or failure to comply with the terms of this order may result in such sanctions as are just and lawful including: an  immediate ex parte hearing and entry of final judgment of default or dismissal, limitation of witnesses or other evidence, striking of claims or defenses, or imposition of attorney fees or costs.**

## VII. Hearings by Audio-Video Technology

During the COVID-19 Public Health Emergency, all hearings other than jury selection and trial shall be conducted consistent with Florida Supreme Court andSecond Circuit Administrative Order by audio-video technology. Each judge isresponsible to establish the process for such audio-video technology hearings bynotice of hearing including technology access.After the conclusion of the COVID-19 Public Health Emergency all hearings otherthan jury selection and trial may be conducted by audio-video technology. Eachjudge is responsible to establish the process for such audio-video technologyhearings by notice of hearing including technology access.

Wednesday, April 20, 2022
J LAYNE SMITH CIRCUIT JUDGE

J LAYNE SMITH
Circuit Judge

**SUPPLEMENT TO CIVIL CASE MANAGEMENT ORDER**

If, at the time the Uniform Order For Active Differential Civil Case Management ("Order") is filed, service on the Defendant(s) has already been made or process provided to a process server, the Plaintiff may comply with the second (in bold) paragraph of the Order by promptly providing a copy of the Order to the Defendant(s) by U.S. Mail or by Electronic Mail. The Plaintiff shall then file a certificate of service documenting that this Order has been provided to the Defendant(s) in this manner.

# RETURN OF SERVICE

**State of FL**                    **County of Leon**            **Circuit Court/Second Judicial**
                                                                **Circuit Court**

Case Number: 2022-CA-000622

Plaintiff:
**Conchita C. Simmons**

vs.

Defendant:
**Trulieve Inc.**

For:
Marie Mattox
Marie A. Mattox, P.A.
203 North Gadsden St.
Tallahassee, FL 32301

Received by Marie A. Mattox, P.A. on the 26th day of June, 2022 at 12:49 pm to be served on **Trulieve Inc. c/o Corporation Service Company- Registered Agent, 1201 Hays Street, Tallahassee, FL 32301.**

I, William J. Lord, do hereby affirm that on the **28th day of June, 2022 at 11:42 am, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **Summons, Uniform Order for Active, Differential Civil Case Management and Complaint** with the date and hour of service endorsed thereon by me, to: **Cierra Young** as **Customer Service Specialist** at the address of: **1201 Hays Street, Tallahassee, FL 32301**, who stated they are authorized to accept service for **Trulieve Inc.**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalties of perjury, I declare that I have read the foregoing document and the facts stated in it are true. No Notary required pursuant to F.S.92.525(2)

**William J. Lord**
Process Server #067

**Marie A. Mattox, P.A.**
**203 North Gadsden St.**
**Tallahassee, FL 32301**

Our Job Serial Number: PRC-2022001737

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2c

